Filed 8/4/26  Villafuerte v. Ramos CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CESAR ENRIQUE VILLAFUERTE, | B346459 |
| Plaintiff and Respondent, | (Los Angels County Super. Ct. No. BC486408) |
| v. | |
| MARIO ROBERTO RAMOS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Rupert A. Byrdsong, Judge.  Affirmed.

Mario Roberto Ramos, in pro. per., for Defendant and Appellant.

Lawnet 1, Peter D. Gordon and Andrew Schoettle for Plaintiff and Respondent.

Appellant Mario Robert Ramos (appellant) appeals from an order entered February 24, 2025. Appellant does not explain the nature of the order entered on this date, nor does he provide a citation to the record where the order can be found. He has provided no reporter's transcript of the proceedings.[1]

Appellant's brief contains no citations to the record. While appellant mentions Code of Civil Procedure section 473 and the "14th amendment of the constitution," his brief contains no other citations to legal authority and makes no reasoned arguments under relevant legal standards.

Because appellant has failed to follow the California Rules of Court and failed to meet his burden of showing error on appeal, we affirm the judgment.

## FACTUAL BACKGROUND

On December 16, 2014, judgment was entered against appellant in favor of Cesar Enrique Villafuerte, the respondent in this matter, following a court trial for a total of $457,709.

On June 4, 2024, Villafuerte filed an application for renewal of judgment, which the trial court granted for the judgment amount of $457,709, postjudgment interest of $433,381.45, and renewal filing fee of $45 for a total of $891,135.45.

In October 2024, Villafuerte filed an application for the appearance and examination of appellant.

---

[1] Our independent review of the trial court docket shows a minute order entered February 24, 2025, on appellant's motion to set aside or vacate a judgment pursuant to Code of Civil Procedure section 473. The order itself is not in the record.

2

On December 12, 2024, appellant filed his motion to set aside or vacate the judgment. The trial court set a hearing for February 24, 2025. On that date, a minute order was issued by the court.

## DISCUSSION

Appellant argues, without citation to the record, that he was unaware that a judgment had been entered against him on December 16, 2014. He claims that despite participating in a bench trial, he never "heard or received any notification from the Court or from any of the other parties involved."

California Rules of Court, rule 8.204(a)(1)(C) requires an appellant to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." Appellant has failed to comply with this rule, as he has failed to provide any citations to the record illuminating the relevant portions of the proceedings below.

"'The appellate court is not required to search the record on its own seeking error.' [Citation.] Thus, '[i]f a party fails to support an argument with the necessary citations to the record, … the argument [will be] deemed to have been waived.'" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

"'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Thus, in challenging a judgment, the appellant must raise claims of reversible error or other defect, and "present

3

argument and authority on each point made." (*County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 591.)

To demonstrate error, the appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146.) If a party fails to meet these requirements, its claims are forfeited. (*Ibid.*)

An appellant is not exempt from these rules because he is representing himself in propria persona on appeal. (*Nwosu v. Uba, supra*, 122 Cal.App.4th at pp. 1246–1247).

Appellant has failed to meet his obligations to provide citations to the record, reasoned arguments and citations to relevant authority. His claims on appeal are forfeited.

## DISPOSITION

The order is affirmed. Respondent is awarded his costs of appeal.


CHAVEZ, Acting P. J.

We concur:


RICHARDSON, J.


GOORVITCH, J.

4